UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KAROUN J. JAMOUSSIAN, et al.,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**ANTHONY BLINKEN, et al.,**<br><br>　　Defendant. | Civ. No. 21-10980 (KM) (AME)<br><br>**OPINION** |

<u>**KEVIN MCNULTY, U.S.D.J.**</u>:

　　Karoun J. Jamoussian is understandably frustrated at the slow pace of the processing of a nonimmigrant visa application. He sues various officials, essentially seeking to compel them to hurry up. Defendants move to dismiss the complaint for lack of jurisdiction and failure to state a claim, citing Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because the motion is unopposed, my discussion will be brief. For the reasons stated herein, the motion to dismiss will be **GRANTED**.

## I.　STANDARDS OF REVIEW

　　The government moves to dismiss the complaint for lack of subject matter jurisdiction, but argues in the alternative that the complaint fails to state a claim on which relief can be granted.

　　A motion to dismiss a complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) may be brought as either a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where, as here, the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In

such a case, the standard of review is similar to that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc). Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a Rule 12(b)(6), the court is generally confined to the face of the complaint, but may also consider documents relied upon in or attached to it, as well as matters of which a court may properly take judicial notice.

## II.   DISCUSSION

On June 24, 2019, plaintiff Jamoussian filed a form I-129F, Petition for Alien Fiancé, on behalf of plaintiff Kourian. On August 19, 2020, the I-129F was approved, and the case was forwarded to the National Visa Center ("NVC"), which was to schedule an interview. At the time the complaint was filed, the interview had not yet been scheduled. The defendants admit that the COVID-19 pandemic has resulted in a backlog at U.S. embassies and consulates, which the government has attempted to address as restrictions ease. *See* https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/visas-backlog.html (NVC periodic report on status of backlog for February 2022). Plaintiffs ask that this Court enter an order "mandating a time certain to schedule and adjudicate Petitioner's nonimmigrant visa" or in the

2

alternative compel Defendants "to perform their duty to adjudicate Petitioner's nonimmigrant visa immediately." (Cplt., DE 1 at 8).

The Administrative Procedure Act ("APA") does confer jurisdiction to compel an agency to act "when an agency is compelled by law to act within a certain time period." *Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 65 (2004); *accord Kale v. Mayorkas,* Civ. no. 21-08095 (FLW), 2021 WL 2652124, at *4 (D.N.J. June 28, 2021). There is no such statutory or regulatory time limit with respect to a State Department consular officer's scheduling of a consular interview.[1]

Alternatively, and to remove doubt, the complaint should be dismissed for failure to state a claim because there has not been an "unreasonable" delay. At least in the separate context of agency rulemaking, the Third Circuit has recognized an APA claim based on "unreasonable" delay, citing the following factors:

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act. Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action. Third, the court should assess the consequences of the agency's delay. Fourth, the court should consider "any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources."

*Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.,* 145 F.3d 120, 123 (3d Cir. 1998) (citations omitted). Assuming that those factors apply, they have not been pled here.

As of this writing, the I-129F was approved some eighteen months ago. The mere passage of time does not establish unreasonableness. *See INS v. Miranda,* 459 U.S. 14, 18 (1982). The case law, without drawing any bright

---

[1] In 8 U.S.C. § 1571 Congress stated an aspirational deadline of 180 days for processing of certain immigration-related matters. That statute, however, is stated as embodying "the sense of Congress," not a statutory command. In addition, the statute applies to the Department of Homeland Security, not the State Department.

3

lines, has found that delays of three to five years are not unreasonable—even before the COVID pandemic hit. The government cites, for example, *Ghadami v. United States Dep't of Homeland Sec.*, CV 19-0397 (ABJ), 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) ("[M]any courts evaluating similar delays have declined to find a two-year period to be unreasonable as a matter of law."); *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 94 (D.D.C. 2020) (finding that "the roughly twenty-five-month delay to this point in adjudicating [plaintiff's] waiver eligibility is not unreasonable"); *Didban v. Pompeo*, 435 F.Supp.3d 168, 177 (D.D.C. 2020) (holding that the plaintiffs had "failed to establish that the two-year delay in processing [a] waiver application is unreasonable"); *Skalka* [*v. Kelly*, 246 F.Supp.3d 147, 153-54 (D.D.C. 2017)] (citing case law that even a five-to-ten-year delay in the immigration context may be reasonable); *Yavari v. Pompeo*, 2:19-CV-02524-SVW-JC, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable.").

The second factor, targeting the reasonableness of the delay in the context of the authorizing statute, likewise weighs against any finding of unreasonableness. As noted, nothing in federal law governing consular officials' scheduling or adjudication of visa applications imposes a particular deadline. *See Skalka,* 246 F. Supp. 3d at 153–54.

The third factor, concerning the consequences of delay, evokes sympathy. Delay in being united with a loved one is surely saddening and frustrating. Still, plaintiffs point to nothing out of the ordinary, and these considerations must be understood in the context of the need for orderly processing of a huge number of applications.

The fourth factor, particularly the practical necessity to prioritize in the face of limited resources, weighs against a finding of unreasonable delay. Nothing in the complaint establishes plausibly that delays have resulted from anything other than limited resources and a large caseload. Under such

circumstances, to grant relief would accomplish little beyond pushing one applicant ahead of others equally deserving, scrambling agency priorities and incentivizing litigation. A court's perception of the equities in one case is no substitute for the agency's expertise in allocating its resources overall. *See generally Pesantez v. Johnson*, 15 Civ. 1155 (BMC), 2015 WL 5475655, at *6 (E.D.N.Y. Sept. 17, 2015); *Saleh v. Ridge*, 367 F.Supp.2d 508, 513 (S.D.N.Y. 2005) ("Nor has Plaintiff provided any compelling rationale for why he should not be made to wait his turn for adjudication."); *Kobaivanova v. Hansen*, 1:11CV943, 2011 WL 4401687, at *6 n.5 (N.D. Ohio, Sept. 16, 2011) (refusing "to compel the USCIS to adjudicate Plaintiff's application immediately, with the result that Plaintiff's application would be resolved ahead of other applications that may have been pending for longer").

Nor can the Court blind itself to the particular difficulties created by the worldwide COVID-19 pandemic. The defendants note the following extraordinary circumstances:

> The pandemic has caused suspension of routine visa services worldwide beginning in March 2020. See https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/visas- backlog.html. While routine visa services have resumed in several places, the health and safety of Department personnel, U.S. citizens seeking assistance abroad, individuals seeking immigration benefits, and local populations are paramount. *See* https://travel.state.gov/content/travel/en/News/visas-news/immigrant-visa- prioritization.html. Consular posts are prioritizing certain visa applications (to include fiancée visas), but the volume and types of visa cases processed depends on local conditions, including restrictions on movement and gatherings, imposed by host country governments. *Id.* Additionally, consistent with U.S. government guidance on safety in the federal workplace, U.S. embassies and consulates have implemented social distancing and other safety measures, which have reduced the number of applicants consular sections are able to process in a single day. *Id.*; *see also Tate v. Pompeo*, No. CV 20-3249 (BAH), 2021 WL 148394, at *11 (D.D.C. Jan. 16, 2021) ("the delay in processing plaintiffs' visa applications is a function of 'the Secretary of State's

decision to reduce and limit consular processing [in order to] protect the health of consular officers and the public' in light of the COVID-19 pandemic.").

(Def. Brf. 15, DE 7-1 at 18)[2] These COVID-related circumstances only further confirm that the delay was not unreasonable.

Weighing the relevant factors, I find that no unreasonable delay has been plausibly pled, and I grant the motion to dismiss for failure to state a cause of action.

### III. CONCLUSION

The defendants' motion to dismiss the Complaint is therefore **GRANTED**. A separate order will issue.

Dated: February 23, 2022

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty**
**United States District Judge**

---

[2] Because the grounds discussed thus far are sufficient, it is not necessary to reach the issue of whether the doctrine of consular nonreviewability extends not only to substantive decisions to grant or deny a visa, but also to the scheduling of proceedings.